UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TYRON TAYLOR, | ) |
| Petitioner, | ) ) ) |
| vs. | ) No. 4:06-CV-48 (CEJ) ) |
| JAMES PURKETT, | ) ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's objections to the Report and Recommendation of the United States Magistrate Judge Thomas C. Mummert, to whom the matter was referred pursuant to 28 U.S.C. § 636(b). On December 8, 2008, Judge Mummert issued a Report and Recommendation, recommending that the petition of Tyron Taylor for a writ of habeas corpus under 28 U.S.C. § 2254 be denied. Petitioner has filed objections to the Magistrate Judge's Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Court makes the following *de novo* determination of the portions of the report and the specified findings or recommendations to which the objection is made.

I.  **Background**

On April 25, 2001, a jury in the Circuit Court of St. Louis City, Missouri, convicted petitioner of robbery in the first degree and armed criminal action. On June 15, 2001, sentenced petitioner to two concurrent twenty-year terms of imprisonment. On April 30, 2002, the Missouri Court of Appeals affirmed petitioner's conviction and sentences on direct appeal. State v. Taylor, 77

S.W.3d 654 (Mo. Ct. App. 2002). The mandate was issued on July 29, 2002.

While his direct appeal was pending, petitioner sought pos-conviction relief pursuant to Rule 29.15, Mo.S.Ct.R. An amended motion was filed at the court's direction on February 3, 2003. On October 14, 2002, the court denied relief following an evidentiary hearing. On November 22, 2004, petitioner filed an appeal of the denial of post-conviction relief. The Missouri Court of Appeals affirmed the denial on December 6, 2005, Taylor v. State, 179 S.W.3d 391 (Mo. Ct. App. 2005), and the mandate was issued on January 4, 2006.

On January 12, 2006, petitioner filed the instant petition pursuant to 28 U.S.C. § 2254, asserting three claims for relief: (1) ineffective assistance of counsel; (2) detention in violation of his constitutional rights; and (3) insufficient evidence to support his conviction. After review, Judge Mummert recommended denying relief because petitioner's three grounds for relief are without merit. Petitioner has filed an objection to Judge Mummert's Report and Recommendation, in which he addresses the merits of his claim for ineffective assistance of counsel. Petitioner has not objected to Judge Mummert's determination that his remaining claims are without merit.

**II. Discussion**

Petitioner asserts that he received constitutionally ineffective assistance of counsel during his state-court trial. To prevail on a claim of ineffective assistance of counsel, a criminal

defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby.  Strickland v. Washington, 466 U.S. 668, 687 (1984). There exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance.  Id. at 689.  In order to show prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  The failure to show prejudice is dispositive and courts need not address the reasonableness of counsel's performance in the absence of prejudice.  United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

In his objections, petitioner asserts that his trial counsel provided ineffective assistance of counsel by failing to remove juror Coleman.[1]  (Doc. #22, at 4).  Petitioner argues that his trial counsel did not protect him from prejudice.  Id. Specifically, petitioner argues that his trial counsel should have inquired "further into the exact nature of Coleman and Ella Peterson's relationship . . . ."  Id. (internal citation omitted). Moreover, petitioner contends that, "[d]espite Coleman's affirmation that he could be a fair and impartial juror, '[s]uch

---

[1] Although petitioner argues that the trial court also failed to protect him from prejudice, the Court will not address this argument because petitioner only raised an ineffective assistance of counsel claim.  (Doc. #3, at 5; #22, at 4).

statements without more, are insufficient.'" (Doc. #22, at 5) (citing Wolfe v. Brigano, 232 F.3d 499, 503 (6th Cir. 2000)).

Petitioner's assertion is without merit. As Judge Mummert noted, the record contains "no evidence that Coleman heard anything from Williams' aunt about her murder; rather, he stated to the trial counsel that he and the aunt never discussed the crime." (Doc. #19, at 12-13). As such, the trial counsel was under no obligation to further inquire into the nature of the relationship. Moreover, in Wolfe, the Sixth Circuit found that "the trial judge based his findings of impartiality exclusively upon each juror's tentative statements that they would decide this case on the evidence presented at trial." Wolfe, 232 F.3d at 503. The instant case is distinguishable from Wolfe, where the trial judge relied exclusively on the juror's affirmation of impartiality. In the instant case, the trial judge did not exclusively rely on Coleman's affirmation of impartiality; rather, the court and the trial counsel also questioned Coleman before proceeding with the trial. The Court believes that petitioner has failed to demonstrate that the inclusion of juror Coleman prejudiced him. Therefore, the Court finds that petitioner is not entitled to habeas corpus relief.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Thomas C. Mummert [Doc. #19] is **sustained, adopted, and incorporated** herein.

**IT IS FURTHER ORDERED** that the petition of Tyron Taylor for writ of habeas corpus [Doc. #3] is **denied**.

**IT IS FURTHER ORDERED** that petitioner has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability.  See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

**IT IS FURTHER ORDERED** that petitioner's motion for an extension of time to file written objections to the Report and Recommendation [Doc. # 21] is **denied as moot.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of January, 2009.